UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER V.,

                              **Plaintiff,**

   vs.                                                           5:24-CV-1418
                                                                    (MAD/ML)

FRANK BISIGNANO, *Commissioner*
*of Social Security*,

                              **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**HILLER COMERFORD INJURY**       **JEANNE E. MURRAY, ESQ.**
**& DISABILITY LAW**                      **JUSTIN M. GOLDSTEIN, ESQ.**
6000 North Bailey Avenue - Suite 1a
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **KRISTINA D. COHN, ESQ.**
Office of Program Litigation                    **VERNON NOROOD, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Christopher V., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. *See* Dkt. No. 1.

      In a Report-Recommendation dated January 27, 2026, Magistrate Miroslav Lovric recommended that (1) Plaintiff's motion for judgment on the pleadings be denied; (2) Defendant's

1

motion for judgment on the pleadings be granted; and (3) the Commissioner's decision be affirmed. *See* Dkt. No. 14. On February 10, 2026, Plaintiff filed objections.

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). "'A plaintiff is deemed to have [forfeited] an objection to a magistrate judge's report if he does not present his claims to the district court.'" *Id.* (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)) (alteration in original). "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* (citing *Miller v. Brightstar Asia*, Ltd., 43 F.4th 112, 120-21 (2d Cir. 2022)) (quotation and additional citation omitted). "'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" *Id.* (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). "'The point of making objections is to tell the district judge – who, under § 636(b)(1) must make the final decision and enter judgment – what issues the parties actually dispute.'" *Id.* (citation omitted). "'Merely referring the court to previously filed papers or arguments does not constitute an adequate objection.'" *Id.* (quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"A proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.* (citing *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) (affirming district judge's decision to disallow objections advancing an argument that "had not been raised during summary judgement proceedings before the Magistrate Judge"); *Bus. for a Better N.Y. v. Angello*, 341 Fed. Appx. 701, 706 (2d Cir. 2009) (summary order) (noting that the court need not consider arguments "raised for the first time in the objections to the report and recommendation")).

"When performing [] a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (quotation and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In Plaintiff's objections, he argues that the Administrative Law Judge's ("ALJ") determination of Plaintiff's Residual Functional Capacity ("RFC") was not supported by substantial evidence because "the ALJ relied on opinions that were rendered stale by Plaintiff's subsequent shoulder and neck deterioration and eventual cervical spine discectomy and fusion surgery." Dkt. No. 15 at 2.[1] Beyond that single sentence, Plaintiff's objections to the Report-Recommendation focus on Magistrate Judge Lovric's conclusion "that the ALJ did not rely on stale opinion evidence or substitute his lay opinion for qualified medical opinion, based on the Court's own searching review of the record and Plaintiff's own testimony, which supposedly supported sedentary exertion work." *Id.* at 3. Plaintiff contends the ALJ and Magistrate Judge Lovric "ignore[d] Plaintiff's testimony" that he had greater limitations in his ability to sit, stand, and concentrate. *Id.* He argues "that the testimony conflicted with Plaintiff's ability to perform even sedentary exertion work due to his impairments." *Id.*

The Court has reviewed Plaintiff's initial brief, his reply, and his appeal that was submitted to the Social Security Appeals Council. *See* Dkt. Nos. 9, 14, 7-4 at 73. Plaintiff did not raise an issue with the ALJ's consideration of Plaintiff's testimony. Specifically, in his appeal to the Appeals Council, Plaintiff argued only as follows: "Reason for Appeal[:] Abuse of discretion - the [Vocational Expert] found less than 10,000 jobs at Step 5, and the ALJ held this to be a

---

[1] Citations are to the pagination generated by CM/ECF in the header of each page.

significant number. It is not. Furthermore the jobs found are obsolete. Additionally, the RFC is made up from whole cloth." Dkt. No. 7-4 at 73. In Plaintiff's initial brief to Magistrate Judge Lovric, he did argue that the ALJ's RFC determination was not supported by substantial evidence but focused only on the contention that the ALJ relied on stale medical opinions. *See* Dkt. No. 9 at 11-15. Plaintiff then deemed that no reply was necessary "because any reply would simply duplicate arguments made in the original brief . . . ." Dkt. No. 13.

As such, the Court will review the Report-Recommendation for only clear error. Plaintiff has not provided any justification for raising an issue for the first time in his objections. To the extent Plaintiff's objections contain a single sentence arguing that the RFC is not supported by a stale medical opinion, that objection is conclusory. *See* Dkt. No. 15 at 2.

The Court finds no clear error in the Report and Recommendation. As to the purported staleness of medical opinions relied on by the ALJ, Magistrate Judge Lovric thoroughly analyzed the issue. *See* Dkt. No. 14 at 10-17. The Court finds no error in Magistrate Judge Lovric recitation of the applicable legal standards and relevant case law. *See id.* at 13-14. The Court agrees that the ALJ appropriately discussed the medical opinions from 2021 as well as Plaintiff's more recent treatment records from 2023, and determined an RFC, accordingly. *See id.* at 14. The Court finds no clear error in Magistrate Judge Lovric's analysis and conclusion.

Importantly, Magistrate Judge Lovric acknowledged that the ALJ rejected the portions of the purportedly "stale" opinions because Plaintiff's medical records indicated greater limitations. He stated that the ALJ's rejection "was generally based on the ALJ crediting Plaintiff's subjective descriptions of his functional limitations in his application and hearing testimony, and thus restricting Plaintiff to sedentary rather than light work and limiting Plaintiff to occasional overhead reaching." *Id.* at 15 (footnote omitted). This directly contradicts Plaintiff's argument in

his objections that the ALJ or Magistrate Judge Lovric "ignore[d] Plaintiff's testimony." Dkt. No. 15 at 3. Plaintiff's objection is inaccurate because both the ALJ and Magistrate Judge Lovric considered Plaintiff's testimony concerning greater limitations and the ALJ adjusted the RFC determination as a result.

The Court, likewise, finds no clear error in Magistrate Judge Lovric's discussion and conclusion related to the testimony of the Vocational Expert and the ALJ's resolution of a conflict between that testimony and descriptions of the jobs Plaintiff could perform given the RFC determination. *See* Dkt. No. 14 at 18-21.

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and dismiss Plaintiff's complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: February 25, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge